**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**UNIVERSAL INSTRUMENTS
CORPORATION,**

                             **Plaintiff,**

                                v.

**MICRO SYSTEM ENGINEERING,
INC. et al.,**

                             **Defendants.**

**3:13-cv-831
(GLS/DEP)**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:**<br>Schmeiser, Olsen Law Firm<br>22 Century Hill Drive<br>Suite 302<br>Latham, NY 12110 | JONATHAN M. MADSEN, ESQ. |
| **FOR THE DEFENDANTS:**<br>*Micro System Engineering, Inc.*<br>Kolisch, Hartwell Law Firm<br>200 Pacific Building<br>520 Southwest Yamhill Street<br>Portland, OR 97204 | DAVID P. COOPER, ESQ.<br>DESMOND J. KIDNEY, ESQ.<br>OWEN W. DUKELOW, ESQ. |
| Young, Sommer Law Firm<br>Executive Woods<br>5 Palisades Drive<br>Albany, NY 12205 | JEFFREY S. BAKER, ESQ.<br>JOSEPH F. CASTIGLIONE,<br>ESQ. |
| *Missouri Tooling & Automation*<br>Young, Sommer Law Firm<br>Executive Woods<br>5 Palisades Drive | JEFFREY S. BAKER, ESQ. |

Albany, NY 12205

**Gary L. Sharpe**
**Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Universal Instruments Corporation commenced this diversity action alleging breach of contract and promissory estoppel against defendant Micro System Engineering, Inc. (MSEI), and claims of misappropriation of trade secrets, unfair competition, and unjust enrichment against MSEI and defendant Missouri Tooling & Automation (MTA), seeking damages and permanent injunctive relief. (Compl. ¶¶ 123-267, Dkt. No. 1.) Pending is defendants' motion to set aside default, (Dkt. No. 16), and Universal's motion for default judgment, (Dkt. No. 13). For the reasons that follow, defendants' motion is granted and Universal's motion is denied as moot.

## II. Background[1]

Universal, a Delaware corporation with its principal place of business

---

[1] While the facts pertinent to the court's disposition of the pending motions are undisputed, brief factual background has been provided from allegations in the complaint. The recited allegations are just that, allegations.

in New York, "designs and manufactures advanced automation and assembly equipment solutions for the electronic manufacturing industry." (Compl. ¶¶ 2-3.) In furtherance of its business, Universal owns certain intellectual property. (*See, e.g.*, *id.* ¶ 5.) MSEI, an Oregon corporation, which is in a contractual relationship with Universal, "designs, manufactures, and tests pacemaker boards and defibrillator boards," and MTA, a Missouri corporation, "provides machine automation and replication, special machine design and manufacturing, concept and development, system upgrades and retrofits, motion controls and robotics, custom tooling and fixturing, and system integration." (*Id.* ¶¶ 6, 9, 11, 12, 22.) Generically speaking, Universal claims that MSEI violated the contract by disclosing to MTA certain source codes "for the purpose of [MTA] competing against [Universal]." (*Id.* ¶ 80.) This conduct, and more, forms the basis of Universal's complaint.

Universal filed its complaint on July 15, 2013. (*See generally* Compl.) Although defendants contend that proper service was not made on them thereafter, (Dkt. No. 16, Attach. 6 at 5-6), it is undisputed that an employee of each defendant came into possession of the complaint one way or another. MSEI's employee, Tuan Nguyen, was presented with a package

3

containing the complaint on July 18, 2013, although he "did not understand what was in the package when" it was given to him. (Dkt. No. 16, Attach. 1 ¶¶ 1-2, 4.) Nguyen left the package with MSEI corporate counsel James Maldonado the same day. (*Id.* ¶ 3.) Maldonado did not review the contents of the package until July 31, at which time he discovered that it contained a complaint and set out to retain outside counsel to handle the litigation. (Dkt. No. 16, Attach. 2 ¶ 3.) The very next day, Maldonado attempted to contact Universal's counsel, Jonathan Madsen, to advise him that he had received the complaint, and ask for the date on which the complaint was served. (*Id.* ¶ 4.) Madsen did not respond. (*Id.*) On the following day, Maldonado placed a telephone call to Madsen, who failed to return the call. (*Id.* ¶ 5.) Maldonado attempted to contact Madsen again on August 6; Madsen "did not . . . respon[d] for several days." (*Id.* ¶ 6.) On August 7, Maldonado engaged attorney David Cooper to represent MSEI and thereafter a meeting was held, on August 12, "to discuss his preliminary recommendations about the case." (*Id.* ¶¶ 7-8.)

MTA employee Regina Stephens received a copy of the complaint on July 19. (Dkt. No. 16, Attach. 4 ¶¶ 1-2.) MTA also retained Cooper, who, on behalf of both MSEI and MTA, contacted Madsen on August 13 or 14, at

which time Madsen did not indicate that he was seeking entry of default or default judgment. (Dkt. No. 16, Attach. 5 ¶¶ 1-3.)

Universal sought entry of default pursuant to Local Rule 55.1 on August 9, 2013 and August 12, 2013 against MSEI and MTA, respectively. (Dkt. Nos. 9, 11.) Soon thereafter, the Clerk entered each defendant's default. (Dkt. Nos. 10, 12.) The pending motions were filed afterward. (Dkt. Nos. 13, 16.)

### III. Standard of Review

"The court may set aside an entry of default for good cause," Fed. R. Civ. P. 55(c), which requires the court's consideration of three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense." *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012). "This test should be applied in the context of the general preference 'that litigation disputes be resolved on the merits, not on default.'" *Citadel Mgmt., Inc. v. Telesis Trust, Inc.*, 123 F. Supp. 2d 133, 142 (S.D.N.Y. 2000) (quoting *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995)). Any doubts "must be resolved in favor of trial on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98

5

(2d Cir. 1993).

## IV. **Discussion**

Defendants contend that the "good cause" standard of Rule 55(c) is met, and their default should be set aside for that reason. (Dkt. No. 16, Attach. 6 at 6-9.)[2] In particular, defendants argue that: (1) their default was not willful as evidenced by MSEI's attempt to contact Universal to clarify issues related to service and the corresponding due date for the interposition of an answer; (2) they have a meritorious defense in that they owned the intellectual property that forms the basis of all claims alleged by Universal; and (3) Universal will not suffer prejudice by setting aside their default other than a "slight delay," which is not sufficient to show prejudice. (*Id.*)

In response, Universal contends that defendants' default was willful as demonstrated by, among other things, the parties' history. (Dkt. No. 21 at 11-16.) Universal also contends that defendants have failed to sufficiently demonstrate that they have a meritorious defense, and that the

---

[2] Initially, defendants assert that their default should be set aside because of defects in service that evince Universal's failure to meet the standard of Local Rule of Practice 55.1, which requires, among other things, an affidavit showing that service was properly made. (Dkt. No. 16, Attach. 6 at 5-6.) Because good cause has been shown as discussed below, the court need not wade into these murky waters.

6

delay leading to defendants' default is prejudicial because it has given defendants a leg-up in further misappropriation of trade secrets. (*Id.* at 16-17.)[3]  Because defendants have shown good cause, the entry of default is set aside.

Beginning with willfulness, the factor that "carries the most weight," *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013), the court is satisfied that defendants did not willfully default.  Indeed, the undisputed facts demonstrate that MSEI and MTA took steps to defend themselves in the action.  For example, defendants retained Cooper, Maldonado attempted to contact Madsen on three separate occasions, and Cooper also contacted Madsen regarding the matter.  (Dkt. No. 16, Attach. 2 ¶¶ 3-8; Dkt. No. 16, Attach. 5 ¶¶ 1-2.)  The history of discontent between the parties and the pattern of delay by defendants alleged by Universal, (Dkt. No. 21 at 12-14), is not particularly relevant to the question of whether the *default in defending the action* was willful.  The first factor weighs in favor of defendants.

Moving on to the prejudice prong, the court finds, despite Universal's

---

[3] It is noted that the pending motions have been waiting for adjudication for longer than is ideal.  The delay from the time the pending motions were fully briefed, in October 2013, to present is regrettably attributable to court congestion.

claims to the contrary, (Dkt. No. 21 at 17), that it will not suffer great prejudice as a result of setting aside the default. Indeed, Universal's argument regarding prejudice from delay is undercut by the court's observation that it did not seek temporary or preliminary relief to prevent defendants from engaging in further allegedly unlawful behavior regarding its intellectual property . The factor also weighs in favor of defendants.

The court must next consider whether defendants have presented a meritorious defense. *See Peterson*, 467 F. App'x at 33. "In order to make a sufficient showing of a meritorious defense . . . , the defendant need not establish [its] defense conclusively, but [it] must present credible evidence of facts that would constitute a complete defense." *State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 456 (2d Cir. 2011). Conclusory details in support of a "meritorious defense" showing are insufficient. *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001). "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Id.* (internal quotation marks and citation omitted).

Defendants' contention that they owned the intellectual property at

issue, (Dkt. No. 16, Attach. 6 at 8), would appear to serve as a complete defense to the claims of misappropriation of trade secrets, unfair competition, and unjust enrichment if proven at trial because each of those claims relies, in part, on the wrongful use of Universal's intellectual property. (Compl. ¶¶ 188-89, 191-92, 208, 211, 214, 222.)[4] It is less clear whether the ownership of the intellectual property would negate the breach of contract or promissory estoppel claims. Indeed, wrongful disclosure of the source codes, even if not wrongfully used afterward, may support a breach of contract claim, whereas the promissory estoppel claim does not appear to depend on the ownership of the intellectual property either. This potential discrepancy is of no moment, however, because, on balance, the factors for setting aside entry of default weigh in favor of defendants. Moreover, consistent with the general preference for deciding cases on the merits, defendants' motion to set aside entry of default is granted. In light thereof, defendants shall file appropriate responsive pleadings or motions within fourteen (14) days of the date of this Memorandum-Decision and Order, and shall notify Magistrate Judge David E. Peebles in order to

---

[4] The court notes that the parties have failed to make any arguments regarding what law applies to this diversity action.

schedule further proceedings in accordance with this Memorandum-Decision and Order.

Lastly, because defendants' default has been set aside, Universal's motion for entry of default judgment, (Dkt. No. 13), is denied as moot. *See United States v. Premises & Real Prop. with Bldgs., Appurtenances, & Improvements Located at 26 E. Park St., Albion, NY*, No. 07-CV-759S, 2008 WL 4596210, at *2 (W.D.N.Y. Oct. 14, 2008).

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to set aside default (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that Universal's motion for default judgment (Dkt. No. 13) is **DENIED** as moot; and it is further

**ORDERED** that defendants shall file appropriate responsive pleadings or motions within fourteen (14) days of this Memorandum-Decision and Order; and it is further

**ORDERED** that the parties notify Magistrate Judge David E. Peebles in order to schedule further proceedings in accordance with this Memorandum-Decision and Order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

July 14, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court