**PRETRIAL SCHEDULING ORDER**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

_____ )
                                       )
UNIVERSAL INSTRUMENTS                  )
CORPORATION, a Delaware Corporation,   )
                                       )
                                       )
                            Plaintiff, )
v.                                     )   **CASE NO.** 3:13-CV-831 (GLS/DEP)
                                       )
MICRO SYSTEMS ENGINEERING, INC.,       )
An Oregon Corporation and MISSOURI     )
TOOLING & AUTOMATION, a Missouri       )
Corporation,                           )
                                       )
                           Defendants  )
_____ )

**IT IS SO ORDERED** that:

**(1) The deadlines set in this scheduling order supersede the deadlines set forth in Fed. R. Civ. P. 26(a)(3) and those in the uniform pretrial scheduling order.**

**(2) DISCOVERY:** All fact discovery in this matter is to be **completed** on or before **October 15, 2015.** All discovery, including expert discovery, in this matter is to be **completed** on or before **February 1, 2016.** Service of discovery requests must be made a sufficient number of days before these deadline to allow responses to be served before the cut-off. *See* Local Rule 16.2 (Discovery Cut-Off). The Parties may each take as many as 20 depositions during fact and expert discovery.

**Special procedures for management of expert witnesses:**

There shall be binding disclosure of the identity of expert witnesses (including a curriculum vitae) as set forth below.

(A) **Expert Reports:** With regard to experts who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony:

(1) No later than **October 30, 2015**, **Parties having the burden on one or more issues** shall identify any experts and, unless waived, shall serve on the other parties the expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B) for such issues.

(2) No later than **November 30, 2015, 45 days prior to the discovery deadline** set in paragraph 2 above, **Parties not having the burden** shall identify any experts and,

1

      unless waived, shall serve on the other parties the experts' written report pursuant to Fed. R. Civ. P. 26(a)(2)(B) in response to the reports under subparagraph 2(A)(1) above.

    **(3)** No later than **December 15, 2015, 30 days prior to the discovery deadline** set in paragraph 2 above, **ALL PARTIES** must identify all experts who will reply on the same subject matter identified by another party under subparagraph 2(A)(2) above, and unless waived, shall serve on the other parties such expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

    **(4) No deposition of an expert shall be taken until AFTER that expert has produced the expert reports of subparagraphs 2(A)(1-3), UNLESS THE PARTIES AGREE.**

    **(5)** Motions to preclude expert witness testimony must be filed and served on or before the motion deadline as set forth in paragraph 3 below.

**(B)** The failure to comply with the deadlines set forth in subparagraph (A) above may result in the imposition of sanctions, including the preclusion of testimony, pursuant to Fed. R. Civ. P. 16(f).

**(C)** In order to avoid the possibility of the unavailability of an expert witness at the time set for trial, counsel may preserve the testimony of such witness as outlined in paragraph 7(B)(2) below for use at trial.  In the absence of same, the trial will proceed without such testimony.

**(3) MOTIONS** are to be **filed on or before** **March 1, 2016.**

    **Note:  If no dispositive motion is filed,** the motion filing deadline becomes the Trial Ready Date. (*See* Trial Ready Date at Paragraph 4(A) below.)  **If a dispositive motion is filed and the motion deadline has expired,** the Trial Ready Date is the date upon which the last motion decision is issued.  (*See* Dispositive Motions at Paragraph 4(B) below).

**(A) NON-DISPOSITIVE MOTIONS:**  Non-dispositive motions (except motions for injunctive relief) shall **NOT** be filed until after a conference with Judge Peebles, which is to be arranged through the Courtroom Deputy Clerk assigned to Judge Peebles.

Non-dispositive motions shall be filed in accordance with Local Rule 7.1 (b)(2) and, except for motions for injunctive relief, shall be made returnable before Judge Peebles.

**(B) DISPOSITIVE MOTIONS:**  Dispositive motions shall be filed in accordance with Local Rule 7.1(b) and shall be made returnable before Judge Sharpe.

**(C)** Discovery motions shall be filed in accordance with Local Rule 7.1(d).

**(4) TRIAL DATE:**

**(A) When no dispositive motion is filed,** the motion filing deadline becomes the trial ready date.  The Court will issue a notice scheduling a Final Pretrial Conference and Trial Date.  Counsel

may contact Judge Sharpe's Courtroom Clerk, at any time, to request that a settlement conference or trial date be scheduled.

(B) **When a dispositive motion is filed and the motion filing deadline has expired,** the case is marked trial ready upon issuance of all dispositive motion decisions. PLAINTIFF'S COUNSEL shall contact Judge Sharpe's Courtroom Clerk within one week after receiving the Court's decision on the motion to request a scheduling conference. Any request for an extension of the Rule 16 Uniform Pretrial Order deadlines will be addressed by Judge Sharpe at the time of the conference.

(C) **When a dispositive motion is filed and the motion filing deadline HAS NOT expired,** the case will continue on this Pretrial Scheduling Order. Any request for an extension of any deadline in this Pretrial Scheduling Order should be addressed to Judge Peebles.

It is anticipated that the trial will take approximately **6-8** days to complete.

This is a **jury** trial.

**(4.1)** **Witness Availability for Trial:** The unavailability of any witness, expert or otherwise, will not be grounds for a continuance. To avoid a trial going forward without the testimony of an unavailable witness, counsel shall preserve the appropriate testimony, for trial, by written or video-taped deposition.

_____
David E. Peebles
U.S. Magistrate Judge

DATED:  September 10 , 2015

3