**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**UNIVERSAL INSTRUMENTS
CORPORATION,**

          **Plaintiff,**

          **v.**

**MICRO SYSTEM ENGINEERING,
INC. et al.,**

          **Defendants.**

**3:13-cv-831
(GLS/DEP)**

_____

**MICRO SYSTEM ENGINEERING,
INC.,**

          **Plaintiff,**

          **v.**

**UNIVERSAL INSTRUMENTS
CORPORATION,**

         **Defendant.**

**3:13-cv-1144
(GLS/DEP)**

_____

## SUMMARY ORDER

Plaintiff/consolidated defendant Universal Instruments Corporation commenced this action against defendant/consolidated plaintiff Micro System Engineering, Inc. (MSEI) and defendant Missouri Tooling and Automation (MTA) alleging copyright infringement, breach of contract,

misappropriation of trade secrets, unfair competition, unjust enrichment, and promissory estoppel.  (*See generally* 3d Am. Compl., Dkt. No. 103.[1])  MSEI commenced a separate action against Universal alleging breach of the duty of confidentiality, unfair competition, misappropriation of trade secrets, and "an injunction."  (*See generally* Compl., Dkt. No. 1, 3:13-cv-1144.)  The two actions were consolidated, and the earlier-filed designated as the lead.  (Dkt. No. 26.)  On February 24, 2017, this court issued a Memorandum-Decision and Order which, as relevant here, denied MSEI and MTA's motion for summary judgment, (Dkt. No. 196), and granted in part and denied in part Universal's cross motion for partial summary judgment, (Dkt. No. 209).  (Dkt. No. 228.)  Pending is defendants MSEI and MTA's motion for reconsideration.  (Dkt. No. 230.)  For the reasons that follow, the motion is denied.

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g).  "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995).  Such motions "will generally be denied unless the moving party can point to

---

[1] Unless otherwise specified, citations are to 3:13-cv-831.

controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted); *see Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). "[A] motion to reconsider should not be granted where the moving party seeks solely to re[-]litigate an issue already decided." *Shrader*, 70 F.3d at 257.

MSEI and MTA make two general arguments supporting reconsideration. First, without applying their argument to the pertinent standard, MSEI and MTA contend that "MSEI owns all rights in customized software based upon [s]ection 8.4 [of the Equipment Purchase Agreement (EPA)] because the parties intended that 'equipment' include software." (Dkt. No. 230, Attach. 1 at 2.) MSEI and MTA go on to itemize sections of

3

the EPA which they argue the court either did not address or only "make sense" if equipment is interpreted to include software. (*Id.* at 2-10.) Second, MSEI and MTA argue that, independent of the definition of equipment in the EPA, the parties intended that MSEI would own all of the intellectual property rights in the customized software. (*Id.* at 10-13.) As discussed below, both arguments fail to identify an intervening change in controlling law, to present new evidence not previously available, or to demonstrate a clear error committed by the court. *See In re C-TC 9th Ave. P'ship*, 182 B.R. at 3.

Regarding MSEI and MTA's first argument, the court has already reviewed the EPA, necessarily considered and accounted for its contractual provisions, and resolved the interpretation of "equipment" adversely to MSEI and MTA. (Dkt. No. 228 at 17-23.) MSEI and MTA challenge the court's holding by resorting to the same arguments advanced in their submissions on their motion for summary judgment. (*Compare* Dkt. No. 199, Attach. 1 at 34-44, *with* Dkt. No. 230, Attach. 1 at 2-10.) Such arguments are reserved for an appeal and are not proper on a motion for reconsideration. *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (affirming the "basic principle" that parties do not get a

"second bite at the apple" to relitigate old issues) (internal quotation marks and citations omitted); *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (holding reconsideration "is not designed to allow wasteful repetition of arguments already briefed, considered and decided").

Similarly, to the extent that MSEI and MTA's second argument raises new issues not previously litigated, it also fails to meet the standard for a motion for reconsideration. A party cannot "try out one theory of [argument] and, if that theory proves unavailing, to then seek reconsideration by offering a different theory." *Trudeau v. Bockstein*, No. 05-cv-1019, 2008 WL 541158, at *2 (N.D.N.Y. Feb. 25, 2008); *see Kaufman v. Columbia Mem'l Hosp.*, No. 1:11-CV-667, 2014 WL 2776662, at *3 (N.D.N.Y. June 19, 2014) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue."). Nor can a party "plug[] the gaps of a lost motion with additional matters." *Trudeau*, 2008 WL 541158, at *2 (internal quotation marks and citations omitted). Consequently, MSEI and MTA's motion for reconsideration is denied.

Accordingly, it is hereby

**ORDERED** that MSEI and MTA's motion for reconsideration (Dkt.

No. 230) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

April 11, 2017
Albany, New York

Gary L. Sharpe
U.S. District Judge