**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNIVERSAL INSTRUMENTS**
**CORPORATION,**

                                    **Plaintiff,**

                    **v.**

**MICRO SYSTEMS ENGINEERING,**
**INC. et al.,**

                                    **Defendants.**
_____

                **3:13-cv-831**
                **(GLS/DEP)**

## SUMMARY ORDER

Defendants Micro Systems Engineering, Inc. (MSEI) and Missouri

Tooling & Automation (MTA) prevailed in this lawsuit when the court

granted their motions for judgment as a matter of law, (Dkt. Nos. 391-93),

pursuant to a Rule 50 order, (Dkt. No. 396).  Pending are defendants' joint

motion for attorneys' fees and costs pursuant to Section 505 of the

Copyright Act.[1]  (Dkt. Nos. 410-12.)[2]

The Copyright Act grants a court discretion to "allow the recovery of

full costs by or against any party other than the United States" and to

_____

[1] *See* 17 U.S.C. § 505.

[2] Although defendants purportedly seek fees under Fed. R. Civ. P. 54(d)(2) *and*
Section 505, (Dkt. Nos. 410; 411 at 1), the court considers these requests as a motion for
attorneys' fees and costs stemming from Section 505 for the reasons stated below.

"award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.

## A.   <u>Attorneys' Fees</u>

There is no precise formula for making fee determinations under Section 505; instead, the court must rely on its equitable discretion.  *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).  In deciding whether an award of attorneys' fees is appropriate, a court should consider "(1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence."  *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 264 (2d Cir. 2015) (internal quotation marks and citation omitted).  The third factor, objective reasonableness (or lack thereof), is "an important factor in assessing fee applications."  *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1988 (2016).  Ultimately, all circumstances must be examined and balanced in light of the Copyright Act's purpose: "[to] enrich[] the general public through access to creative works" by "encouraging and rewarding authors' creations while also enabling others to build on that work."  *Kirtsaeng*, 136 S. Ct. at 1986 (internal quotation marks and citation omitted).

2

Defendants argue that all of the facts supporting the court's entry of judgment were known to Universal before it filed its complaint and, as such, "the case should not have been brought, and certainly should not have been turned into a vehicle for bogus claims of tens of millions of dollars in damages." (Dkt. No. 411 at 4-5.) Specifically, defendants point out that Universal shifted its theory of liability throughout the litigation and advanced theories in contradiction to its operative pleading. (*Id.* at 5-7.) Furthermore, defendants contend that Universal's pursuit of "[e]xaggerated and [u]nsupported [d]amages" added to this unreasonableness. (*Id.* at 7-9.) In response, Universal first contends that defendants' motion should be denied because it fails to comport with Fed. R. Civ. P. 54(d)(2)(B)(iii) by omitting the amount of fees sought. (Dkt. No. 415 at 4-7.) Alternatively, Universal refutes defendants' contentions and points out that defendants' conduct was at least equally blameworthy. (Dkt. No. 415 at 7-22.)

First, given that Rule 54(d)(2)(B), on which Universal relies, is only applicable "[u]nless . . . a court order provides otherwise," the court need

not resolve the parties' specific procedural arguments.[3]  Instead,

considering defendants' subsequently-filed fee estimate, (Dkt. No. 417 at

n.1), and the length of this litigation, the court uses its discretion to

dispense with Rule 54(d)(2)(B)(iii)'s requirement in order to proceed to the

merits of defendants' motion.

Given the totality of the circumstances and the Copyright Act's

goals, this litigation warrants an award of attorneys' fees and costs to the

prevailing parties.  Universal has litigated this case in an unreasonable

manner that exacerbated the issues to be resolved and the expenses

incurred by all parties.  Specifically, as discussed in the court's Rule 50

order, (Dkt. No. 396), Universal shifted its theory of liability to such an

extent that they actually advanced theories which contradicted their own

pleadings.  Equally as troubling, Universal demonstrated a fundamental

---

[3] Universal primarily relies on the language of Fed. R. Civ. P. 54(d)(2)(B)(iii), which provides that a claim for attorney's fees must be made by a motion that "state[s] the amount sought or provide[s] a fair estimate of it."  Universal contends that case law interpreting Rule 54 provides that "[d]efendants are . . . required to provide . . . a reasonable calculated estimate of the amount sought."  (Dkt. No. 415 at 7) (citing *Sorenson v. Wolfson*, 170 F. Supp. 3d 622, 629 (S.D.N.Y. 2016); *Williams v. Crichton*, 891 F. Supp. 120, 122 (S.D.N.Y. 1994)). Conversely, defendants draw the court's attention to Fed. R. Civ. P. 54(d)(2)(C), which provides that "[t]he court may decide issues of liability for fees before receiving submissions on the value of services."  They argue that this provision, coupled with the fact that they later provided a ballpark figure of the amount sought to Universal, (Dkt. No. 417 at n.1), makes their conduct procedurally permissible, (Dkt No. 411 at 2 n.1; Dkt. No. 420 at 1-3) (citing *Konangataa v. Am. Broadcastingcompanies, Inc.*, No. 16-cv-7382, 2017 WL 2684067, at *2 (S.D.N.Y. June 21, 2017); *Video-Cinema Films, Inc. v. Cable News Network, Inc.*, No. 98 Civ. 7128, 2003 WL 1701904, at *5 (S.D.N.Y. Mar. 31, 2003)).

lack of understanding about basic legal concepts, such as the

consequences of a motion for summary judgment. (Dkt. No. 316, Attachs.

11-13.) Given that no reasonable view of the evidence supported

Universal's claims, a reasonable copyright attorney would not have filed a

complaint in the first instance. Moreover, Universal's conduct and

staggering damage demands—notwithstanding that the amounts sought

were either precluded or entirely speculative, (Dkt. No. 396 at

7 n.1)—highlight the lack of any reasonable attempt to resolve this

litigation short of trial. Even if such unreasonableness does not rise to the

level of frivolousness and there is no specific evidence that Universal

acted in bad faith, its contradictory and meritless theories unnecessarily

increased the time and resources expended on this litigation. Not only will

an award of attorneys' fees deter copyright holders from pursuing similar

litigation in the future, but it will also encourage similarly-situated

defendants to litigate meritorious copyright defenses and ultimately

provide greater public access to creative works. *See Kirtsaeng*, 136 S.

Ct. at 1986. Therefore, defendants' motion for attorneys' fees, (Dkt. No.

110), is granted.

    Nonetheless, the court appreciates Universal's arguments, (Dkt. No.

415 at 20-22; Dkt. No. 419 at 1-2), that defendants were also unreasonable throughout this litigation.  As such, an overall percentage reduction of the eventual attorneys' fee award is appropriate.  The exact amount of the award will be determined by subsequent briefing. Accordingly, defendants are directed to file their papers on or before February 23, 2018 and Universal will have seven days thereafter to respond.

**B.    Costs**

Universal argues that defendants' bill of costs, (Dkt. No. 412), "should be denied, or in the alternative, reduced by at least the costs attributable to (1) all rough draft deposition transcripts and condensed deposition transcripts; (2) all deposition costs for the August 25, 2016 deposition of William Burwell . . . [and (3)] any deposition costs imposed on Universal should be reduced by 50 percent."  (Dkt. No. 419 at 5-6.) Defendants largely rest on their bill of costs itemization, (Dkt. No. 412, Attach. 1), which provides various reasonable explanations for the amounts included.  However, defendants also assert that "[a]n award of 'full costs' [under Section 505] is broader than a standard award of 'costs' under 28 U.S.C. § 1920."  (Dkt. Nos. 411 at 2-3; 420 at 3, n.3.)

6

Although the court's award of costs in this action is rendered under the auspices of Section 505 of the Copyright Act rather than that of Fed. R. Civ. P. 54, the categories of costs allowable are likewise commensurate with those enumerated by 28 U.S.C. § 1920.  *See Barrera v. Brooklyn Music, Ltd.*, 346 F. Supp. 2d 400, 404-05 (S.D.N.Y. 2004); *Nat'l Football League v. PrimeTime 24 Joint Venture*, 131 F. Supp. 2d 458, 484 (S.D.N.Y. 2001) ("The categories of allowable costs under the Copyright Act and Rule 54 are the same."); *U.S. Media Corp. v. Edde Entm't, Inc.*, No. 94 Civ. 4849, 1999 WL 498216, at *7 (S.D.N.Y. July 14, 1999) ("The weight of authority indicates that the 'full costs' referred to in the Copyright Act are nothing more than the costs allowed under 28 U.S.C. § 1920."); *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 825 F. Supp. 361, 366-67 (D. Mass. 1993) ("28 U.S.C. § 1920 defines the 'costs' that may be awarded under more general authority, such as . . . § 505 of the Copyright Act."), *aff'd*, 36 F.3d 1147 (1st Cir. 1994).

Where a bill of costs is challenged, the reviewing district court "exercis[es] its own discretion to decide the cost question [it]self." *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001) *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016) (internal quotation

7

marks and citation omitted).  Although there is a presumption that costs

will be awarded after the prevailing party demonstrates an amount that

falls within an allowable category under 28 U.S.C. § 1920, the burden is

ultimately on the prevailing party to establish that the taxation of costs is

justified.  *See Amash v. Home Depot U.S.A., Inc.*, No. 1:12–cv–837, 2015

WL 4642944, at *2 (N.D.N.Y. Aug. 4, 2015); *Woodard v. CSX Transp.,*

*Inc.*, No. 1:10–cv–753, 2013 WL 6190843, at *3 (N.D.N.Y. Nov. 26, 2013).

Generally, taxable costs "include the cost for the original deposition

transcript and one copy of the transcript."  *Cutie v. Sheehan*, 1:11-CV-66,

2016 WL 3661395, at *4 (N.D.N.Y. July 5, 2016) (internal quotation marks

and citation omitted).  The relevant inquiry is whether the transcripts were

necessary for use in the case, rather than merely convenient.  *See Galella*

*v. Onassis*, 487 F.2d 986, 999 (2d Cir.1973); *see also Farberware*

*Licensing Co. v. Meyer Mktg. Co.*, No. 09 Civ. 2570, 2009 WL 5173787, at

*5 (S.D.N.Y. Dec. 30, 2009), *aff'd*, 428 F. App'x 97 (2d Cir. 2011) ("Even

where the cost of a deposition transcript itself will be taxable . . . certain

associated fees that are not necessary generally may not be taxed[.]").

Defendants have not explained how rough draft or condensed versions of

deposition transcripts were necessary or for anything other than

8

convenience of counsel.  As such, defendants' bill of costs is reduced by $8,758.30 to reflect the denial of these requested costs.  The court is not convinced by Universal's remaining arguments.  (Dkt. No. 419 at 1-2, 4-5.) Accordingly, the court taxes costs of $38,247.89.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motions for attorneys' fees and costs (Dkt. Nos. 410-12) are **GRANTED** in part and **DENIED** in part as follows:

**GRANTED** with respect to an award of attorneys' fees in an amount to be determined and costs in the amount of $38,247.89; and

**DENIED** in all other respects; and it is further

**ORDERED** that defendants are directed to file papers related to the requested amount of an attorneys' fees award on or before February 23, 2018 and plaintiff may file a response seven days thereafter; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

February 7, 2018
Albany, New York

Gary L. Sharpe
U.S. District Judge