UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNIVERSAL INSTRUMENTS
CORPORATION,

               **Plaintiff,**

        v.

MICRO SYSTEMS ENGINEERING,
INC. et al.,

               **Defendants.**
_____

3:13-cv-831
(GLS/DEP)

## SUMMARY ORDER

On February 7, 2018, the court granted defendants' motion for attorneys' fees in an amount to be determined by subsequent briefing.[1] (Dkt. No. 421.) The issue is now fully briefed. (Dkt. Nos. 422, 425.) As is par for the course with these parties, their positions are far apart; defendants request $6,404,214.68, (Dkt. No. 422 at 1), while Universal argues that defendants are entitled to $1,793,343.23, (Dkt. No. 425 at 25). For the following reasons, the proper fee award lies somewhere in the middle: $3,008,990.92.

---

[1] The court presumes a basic familiarity with the underlying facts and procedural history of this action, which is set forth in the court's Summary Order dated August 8, 2017. (Dkt. No. 396.)

The Copyright Act provides that a court may award reasonable attorneys' fees to the prevailing party at its discretion. *See* 17 U.S.C. § 505. To determine a reasonable amount of attorneys' fees, courts use the lodestar method: the product of a reasonable hourly rate and the hours reasonably spent on the case. *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *Miller v. City of Ithaca*, 3:10-cv-597, 2017 WL 61947, at *2 (N.D.N.Y. Jan. 5, 2017). Generally, the district court relies on the prevailing hourly rate from the district in which it sits in calculating the lodestar. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 191 (2d Cir. 2008). However, "a district court may use . . . some rate in between the out-of-district rate sought and the rates charged by local attorneys . . . in calculating the presumptively reasonable fee if it is clear that a reasonable, paying client would have paid those higher rates." *Id.*; *see Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 289-90 (2d Cir. 2011). In determining what a reasonable client would be willing to pay, the court considers several factors, including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney

2

> due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Broadcast Music, Inc. v. Northern Lights, Inc.*, 555 F. Supp. 2d 328, 333 (N.D.N.Y. 2008) (quoting *Arbor Hill*, 522 F.3d at 186 n.3).

Additionally, a district court may use a percentage deduction of the requested fees "as a practical means of trimming fat from a fee application." *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (internal quotation marks and citation omitted). In determining the appropriate fee, district courts have substantial deference and may use estimates based on their overall sense of a suit. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.").

For the pre-summary judgment period, defendants were represented by Kolisch, Hartwell P.C. and billed a total of 10,231 hours at hourly rates from $95.00 to $485.00, resulting in a bill of $2,434,784.96. (Dkt. No. 422

at 12-13.)  However, after a self-imposed reduction[2] of all hours that lead attorney David Cooper logged in light of the defendants' unreasonableness during the discovery stages of this litigation, defendants request $1,325,426.46 in fees for this period.  (*Id.* at 12, 13.)

Universal does not contest defendants' proffered hourly rates, (Dkt. No. 425 at 17 n.5), but argues that "a 50% reduction is warranted" for "ineligible time . . . and time attributed to bad faith discovery conduct, time related to MSEI's countersuit, failed motions, clerical work . . . redundant trial preparation time . . . [and] vague and block-billed entries," (*id.* at 4). For the most part, the court agrees with defendants that "[t]he number of hours Kolisch Hartwell billed was . . . reasonable in light of the lengthy procedural history of this case, the complex legal and factual issues it raised, and the amount in controversy," especially given that "Kolisch Hartwell's lawyers managed a substantial discovery process in which the parties produced over one million pages of documents, took or defended [forty-one] depositions, and extensively briefed dispositive motions."  (Dkt.

---

[2] Defendants redact Cooper's billing entries such that it is impossible for the court to determine whether they were reasonable in the first instance.  As such, it is a stretch to label these omissions a "46% reduction."  (Dkt. No. 422 at 12-13.)  Nonetheless, it can be reasonably inferred that most of the billing entries associated with the lead attorney on the case were reasonable, and thus this self-imposed penalty is factored into the court's reduction below.

4

No. 422 at 13.) However, given defendants' unreasonable conduct previously identified by the court, (Dkt. No. 421 at 5-6), and after reviewing the specific entries highlighted by Universal, (Dkt. No. 425, Attach. 1 at 13-15, 16-22, 23-52, 53-55, 56-57), the court also agrees that an across-the-board percentage reduction is appropriate. Given the circumstances, a thirty percent reduction is proper to offset excessive, redundant, or otherwise unnecessary billing entries. *See Fox*, 563 U.S. at 838; *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Levy v. Powell*, No. CV–oo–4499, 2005 WL 1719972, at *6 (E.D.N.Y., July 22, 2005).

Accordingly, after a $397,627.94 reduction to their fee application, defendants are awarded $927,798.52 for the pre-summary judgment period.

Defendants also seek $5,078,788.22 in fees for the post-summary judgment period, during which time MSEI retained attorneys from Sullivan & Cromwell, MTA retained attorneys from Kaplan Rice LLP, and both parties retained an attorney from Nixon Peabody LLP. (Dkt. No. 422 at 6, 14.) In sum, defendants argue that an award of out-of-district rates are reasonable given (1) that these rates were actually paid by the clients in the ordinary course; (2) the complexity of the case; (3) the severe

5

consequences they faced; (4) the attorneys' expertise in litigating high-stakes intellectual property cases; and (5) the results achieved. (*Id.* at 14-18.) Universal contends that the requested hourly rates are unreasonable because firms in the district with comparable intellection property and litigation expertise could have taken the case and defendants fail to make a particularized showing to support out-of-district rates. (Dkt. No. 425 at 10-18.) Additionally, Universal contends that a "50% reduction . . . is warranted to address the sheer excess of professionals working on the case, the time [d]efendants' trial counsel had to spend to get up to speed, vague and block billing entries, and entries [related to state law claims] that are ineligible for fee shifting." (*Id.* at 18.)

For the post-summary judgment period, the court agrees with Universal that it would be unreasonable to award attorneys' fees at a rate common to New York City—primarily because there are firms within this District capable of handling such matters and obtaining similar results. (Dkt. 425 at 13-14.) Instead, Universal's hourly rates table provides rates that are within reasonable range of in District rates. (*Id.* at 17-18). Given the particularized showing of defendants' attorneys' expertise, (Dkt. No. 422 at 15, 17), the length of time spent on the case, (*id.* at 2-10), the

6

severe business consequences defendants faced, (*id.* at 2), the results obtained, (*id.* at 8-10), and that the client actually paid New York City rates during the course of the litigation, (*id.* at 11), an award of attorneys' fees at the higher end of the prevailing district rate is reasonable.  As such, the court adopts the following rate table that reflects the court's estimate, based on its overall sense of the suit, of the presumptively reasonable rate for each category of timekeepers presented by defendants:

| Timekeeper | Requested Rate | Reasonable Rate | Hours |
|---|---|---|---|
| Andrew C. Rose, Esq. | $585 | $450 | 325.5 |
| Kevin Dayer (Paralegal) | $225 | $150 | 2.1 |
| David B. Tulchin, Esq. | $1,445 | $450 | 654.25 |
| Thomas C. White, Esq. | $978 | $450 | 943.25 |
| Adam R. Brebner, Esq. | $1,041 | $400 | 602 |
| Anuja D. Thatte, Esq. | $723 | $280 | 802.75 |
| Jacob B. Lieberman, Esq. | $723 | $280 | 892.25 |
| Additional Sullivan & Cromwell Lawyers | $595-$847 | $280 | 111.75 |
| Legal Assistants | $145-$349 | $150 | 1,544.25 |
| Research Librarians | $361 | $150 | 20.5 |
| E-Discovery Staff | $302-$361 | $150 | 267 |
| Howard Kaplan, Esq. | $950 | $450 | 390.6 |

| Marie. E. Christiansen, Esq. | $375 | $280 | 494.75 |
| Ian Misrok (Paralegal) | $170 | $150 | 209 |
| Alan Pfeffer, Esq. | $325 | $280 | 88.6 |
| Ann-Marie Tesar, Esq. | $325 | $280 | 181.6 |
| Cathy Faber (Paralegal) | $185 | $150 | 26.75 |

(*Id.*, Attach. 1 ¶ 17; Attach. 2 ¶¶ 30, 32-39, 43; Attach. 3 ¶¶ 10-12, 19, 21.)

The product of these reasonable rates and hours results in a lodestar of $2,312,436. In order to trim the fat identified by Universal, (Dkt. No. 425 at 19-25), a ten percent reduction is proper. *See McDonald ex rel Prendergast*, 450 F.3d at 96; *United States ex rel. Rubar v. Hayner Hoyt Corporation*, 5:14–cv–830, 2018 WL 566448, at *7 (Jan. 25, 2018 N.D.N.Y.).

Accordingly, after a $231,243.60 reduction to the lodestar, defendants are awarded $2,081,192.40 for the post-summary judgment period.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that attorneys' fees in the amount of $3,008,990.92 are imposed against Universal; and

**ORDERED** that the Clerk provide a copy of this Summary Order to

the parties.

**IT IS SO ORDERED.**

June 4, 2018
Albany, New York

Gary L. Sharpe
U.S. District Judge

9