**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK**

UNIVERSAL INSTRUMENTS CORPORATION, a Delaware Corporation,

Plaintiff,

v.

MICRO SYSTEM ENGINEERING, INC., an Oregon Corporation and MISSOURI TOOLING & AUTOMATION, a Missouri Corporation,

Defendants.

**CASE NO. 3:13-cv-831 (GLS/DEP)**

**MOTION TO EXTEND STAY OF EXECUTION OF JUDGMENT PENDING APPEAL**

Plaintiff Universal Instruments Corporation respectfully moves this Court to extend the stay of execution of the Orders entering judgments of costs and attorney's fees in favor of defendants dated February 7, 2018 and June 4, 2018 (Dkt. Nos. 421, 426) until the Second Circuit's disposition of Universal's appeal from those judgments.

On August 7, 2018, this Court stayed execution of the Orders entering judgments of costs and attorney's fees "pending disposition of plaintiff's appeal from the Court's Order of August 8, 2017 (Dkt. No. 396)." Dkt. No. 434. The Court's August 8, 2017 Order granted judgment to defendants under Rule 50(a). The Court thus stayed execution of the awards of costs and attorney's fees pending disposition of Universal's merits appeal, which Universal noticed on August 30, 2017. In the same Order, the Court approved the supersedeas bond proffered by Universal, in the amount of $3,382,685.08, secured by Atlantic Specialty Insurance Company as surety of Universal as principal. *Id.*

On May 8, 2019, the United States Court of Appeals for the Second Circuit affirmed this Court's earlier merits judgment in favor of defendants. *See Universal Instruments Corp. v. Micro Systems Engineering, Inc.*, No. 17-2748-cv, --- F.3d ----, 2019 WL 2017575 (2d Cir. May 8, 2019). Universal timely filed a petition for panel rehearing. *See* 2d Cir. Dkt. 17-2748 (ECF No. 178). The Second Circuit's mandate has not yet issued, and its judgment is not yet final. *See* Fed R. App. P. 41 adv. comm. n. to 1998 amendments ("A court of appeals' judgment or order is not final until issuance of the mandate; at that time the parties' obligations become fixed."). This Court's stay accordingly remains in effect until the Second Circuit issues the mandate. Defendants have agreed that they will not seek enforcement of the judgment until after the issuance of the mandate. *See* Ex. A (letter from David Tulchin to Amy Saharia).

The supersedeas bond, however, will remain in effect during the pendency of the fee appeal, even after the Second Circuit issues its mandate in the earlier merits appeal. The bond continues "in full force and effect" pending "an appeal of this Court's Final Judgment to the United States Court of Appeals for the Second Circuit and/or the Supreme Court of the United States." Dkt. 432-2. The bond defines "Final Judgment" to be the judgments awarding fees and costs. *Id.* Thus, unlike the existing stay of execution (which remains in effect only during the pendency of the earlier merits appeal), the supersedeas bond remains in effect during the pendency of Universal's costs and fees appeal. Universal's appeal of the judgments awarding fees and costs remains pending; Universal's opening brief is due on June 7, 2019.

Should the Second Circuit deny Universal's petition for panel rehearing and issue its mandate affirming this Court's judgment, Universal will face a situation in which the attorney's fees and costs award will become due while the appeal of the judgment creating those obligations remains pending. In the interests of efficiency and judicial economy, Universal requests that this

Court extend the existing stay of execution until such time as the fee appeal is fully resolved. Defendants will not be prejudiced by an extension of the stay because, as discussed above, the supersedeas bond will remain in effect while the fee appeal is still pending. The supersedeas bond more than adequately covers the existing judgment including post-judgment interest.

## CONCLUSION AND REQUESTED RELIEF

Because the appeal related to the judgments that are to be executed remains pending, and because the supersedeas bond that this Court already approved remains in effect through the Second Circuit's disposition of the appeal from this Court's judgment awarding costs and attorney's fees, Universal respectfully requests that this Court extend the stay of execution of the Orders entering judgments of costs and attorney's fees until such time as the Second Circuit finally disposes of Universal's appeal from those judgments.

Respectfully submitted,

Dated: May 28, 2019

/s/ Victor J. Baranowski

Victor J. Baranowski
Anthony L. Meola
Christopher E. Blank
Jared L. DuJack
Alexandra L. Scoville
SCHMEISER, OLSEN & WATTS LLP
22 Century Drive
Suite 302
Latham, NY 12110
Phone: (518) 220-1850
Fax: (518) 220-1857
Email: ameola@iplawusa.com
cblank@iplawusa.com
vbaranowski@iplawusa.com
jdujack@iplawusa.com
ascoville@iplawusa.com

Amy Mason Saharia (*admission pending*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
650 Fifth Avenue, Suite 1500
New York, New York 10019
Phone: (202) 434-5847
Fax: (202) 434-5029
Email: asaharia@wc.com

*Attorneys for Plaintiff Universal Instruments Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2019, a true and correct copy of the foregoing Motion to Extend Stay of Execution of Judgment Pending Appeal was served, by filing with the Clerk of the Court using CM/ECF, on Defendants' counsel of record

Dated: May 28, 2019

/s/ Victor J. Baranowski
Victor J. Baranowski