**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNIVERSAL INSTRUMENTS**
**CORPORATION,**

                                  **Plaintiff,**

                    **v.**

**MICRO SYSTEM**
**ENGINEERING, INC. et al.,**

                                  **Defendants.**
_____

**3:13-cv-831**
**(GLS/DEP)**

## <u>SUMMARY ORDER</u>

Plaintiff Universal Instruments Corporation commenced this action

against defendants Micro System Engineering, Inc. (MSEI) and Missouri

Tooling & Automation (MTA) alleging copyright infringement and New York

state law claims for the wrongful use of its source code.[1]  (*See generally* 3d

Am. Compl., Dkt. No. 103.)  After lengthy discovery and motion practice,

the case proceeded to a jury trial on the surviving claims: breach of

contract, misappropriation of trade secrets, and copyright infringement

claims against MSEI; and unjust enrichment, unfair competition,

misappropriation of trade secrets, and copyright infringement claims

---

[1]  The court presumes a basic familiarity with the underlying facts and procedural
history of this action, which is set forth in the court's Summary Order dated August 8, 2017.
(Dkt. No. 396.)

against MTA.  (Dkt. No. 228 at 37.)

Defendants ultimately prevailed when the court granted their motions for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure.  (Dkt. No. 396 at 9; Dkt. No. 409 at 47-50.)  The court then awarded defendants' attorneys' fees in the amount of $3,008,990.92 pursuant to Section 505 of the Copyright Act.[2]  (Dkt. Nos. 421, 426.) Universal appealed the court's Rule 50 order (hereinafter "the Merits Appeal"), (Dkt. No. 413), which was affirmed by the Second Circuit, *see Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 924 F.3d 32, 51 (2d Cir. 2019) (hereinafter "the Merits Appeal Decision"), as well as the court's award of attorneys' fees, (Dkt. No. 428), which was vacated and remanded, *see Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 799 F. App'x 43, 48 (2d Cir. 2020) (hereinafter "the Fees Appeal Decision").

In between the Merits Appeal Decision and the Fees Appeal Decision, defendants moved for attorneys' fees expended in defending the Merits Appeal, (Dkt. No. 441), which is currently pending.  And, as a result of the Fees Appeal Decision, also pending is defendants' initial motion for

---

[2] *See* 17 U.S.C. § 505.

attorneys' fees.[3]  (Dkt. No. 410.)  For the reasons that follow, defendants'

motions are denied.

The Copyright Act grants courts discretion to "allow the recovery of

full costs by or against any party other than the United States" and to

"award a reasonable attorney's fee to the prevailing party as part of the

costs."  17 U.S.C. § 505.  There is no precise formula for making fee

determinations under Section 505; instead, the court must rely on its

equitable discretion.  *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534

(1994).  In deciding whether an award of attorneys' fees is appropriate, a

court should consider "(1) the frivolousness of the non-prevailing party's

claims or defenses; (2) the party's motivation; (3) whether the claims or

defenses were objectively unreasonable; and (4) compensation and

deterrence."  *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 264 (2d Cir.

2015) (citation omitted).  The third factor, objective unreasonableness, is

"an important factor in assessing fee applications" and should be given

"substantial weight."  *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979,

1986-89 (2016).

_____

[3]  Also pending is Universal's motion to stay execution of the court's initial award of
attorneys' fees, (Dkt. Nos. 421, 426), "until the Second Circuit's disposition of Universal's
appeal from those judgments," (Dkt. No. 436).  In light of the Fees Appeal Decision, this motion
is denied as moot.

On February 7, 2018, the court, applying these factors, granted defendants' motion for attorneys' fees, finding that "Universal ha[d] litigated this case in an unreasonable manner that exacerbated the issues to be resolved and the expenses incurred by all parties[,]" by, for example, "shift[ing] its theory of liability to such an extent that [it] actually advanced theories which contradicted their own pleadings[,]" and by requesting "staggering damage demands." (Dkt. No. 421 at 4-5.) The court also considered Universal's "lack of understanding about basic legal concepts" and "lack of any reasonable attempt to resolve this litigation short of trial." (*Id.* at 5.) In sum, the court found that "[e]ven if [Universal's] unreasonableness d[id] not rise to the level of frivolousness," and although "there [was] no specific evidence that Universal acted in bad faith, its contradictory and meritless theories unnecessarily increased the time and resources expended on this litigation." (*Id.* at 5.)

On appeal, the Second Circuit vacated and remanded this decision, concluding in its findings that (1) "section 8.2 of the relevant contract . . . arguably prohibits . . . MSEI and its suppliers from modifying Universal's pre-existing intellectual property," and that (2) Universal did not shift its theory of liability, which "undercut[] the [court's] conclusion that no

4

reasonable lawyer would have filed a claim in the first instance." *See Universal Instruments Corp.*, 799 F. App'x at 46-47 (internal quotation marks and citation omitted).  The Second Circuit found no error in the court's consideration of Universal's "lack of understanding about basic legal concepts" and "lack of any reasonable attempt to resolve this litigation short of trial."  *Id.* at 47 (citation omitted).

Defendants argue that the court should reaffirm its initial attorneys' fee award, because, among other things, the court's findings that Universal had a "lack of understanding about basic legal concepts" and a "lack of any reasonable attempt to resolve this litigation short of trial" are sufficient to maintain a fee award.  (Dkt. No. 453 at 8.)  Further, defendants argue that the Fees Appeal Decision does not necessarily preclude a finding that Universal's conduct throughout the litigation satisfies the objective unreasonableness factor.  (*Id.*)  The court disagrees, and finds that, in light of the Fees Appeal Decision, the relevant factors weigh in Universal's favor.

To begin, the court previously found, whether implicitly or explicitly, that Universal's claim was not frivolous and that there was no evidence of an improper or bad faith motive in bringing its claim.  (Dkt. No. 421 at 5.)

5

Thus, at the outset, those two factors weigh in favor of Universal.

Next, "objective unreasonableness," a substantial factor in the analysis, has been defined as a "legal position [that] has no chance of success, and [where] there is no reasonable argument to extend, modify, or reverse the law as it stands." *We Shall Overcome Found. v. Richmond Org., Inc.*, 330 F. Supp. 3d 960, 968-69 (S.D.N.Y. 2018) (citation omitted).

Although the court previously found that Universal's claim was objectively unreasonable, the Second Circuit reversed two key grounds on which the court's finding was based. *See Universal Instruments Corp.*, 799 F. App'x at 46-47.  Specifically, the Second Circuit found that (1) Universal's claim "arguably" had merit, evidenced by the fact that it "caused [the Second Circuit] in its written opinion to clarify 'an important limitation' to the affirmative defense raised [by defendants]"; and (2) Universal did not shift its theories of liability, and instead  "consistently argued that MSEI and MTA's use and modification of the source code exceeded the scope of use permitted by [the relevant contract]." *Id.* (citations omitted).  Thus, notwithstanding defendants' argument to the contrary, (Dkt. No. 453 at 9-10), and in consideration of the foregoing, the court interprets the Fees Appeal Decision as effectively precluding a finding

of objective unreasonableness.  Accordingly, this factor also weighs in Universal's favor.

Finally, in light of the analysis above, the Second Circuit's affirmance of the court's consideration of Universal's "lack of understanding of basic legal concepts" and "lack of any reasonable attempt to resolve this litigation short of trial," in determining the "the need in particular circumstances to advance considerations of compensation and deterrence," *see Universal Instruments Corp.*, 799 F. App'x at 47 (citations omitted), is of no consequence.  That is because—as alluded to above—these facts alone are insufficient to establish objective unreasonableness, and without a finding of frivolousness, improper motive, or objective unreasonableness, there is no behavior for the court to deter.  *See Creazioni Artistiche Musicali, S.r.l. v. Carlin Am., Inc.*, No. 14-CV-9270, 2017 WL 3393850, at *5 (S.D.N.Y. Aug. 4, 2017) (*"*Plaintiff's conduct in this litigation was not objectively unreasonable, frivolous, or driven by an improper motive, and thus does not warrant the deterrent effect of fees."").  Thus, the "compensation and deterrence" factor necessarily weighs in favor of Universal as well.

Accordingly, in light of the Fees Appeal Decision, and having found

that all four factors weigh in Universal's favor, defendants' initial motion for

attorneys' fees, (Dkt. No. 410), is denied.  And, consequently, defendants'

motion for attorneys' fees expended in defending the Merits Appeal, (Dkt.

No. 441), which is based on the same arguments advanced in defendants'

initial request for attorneys' fees, (Dkt. No. 442 at 7 ("Defendants are thus

entitled to their attorneys' fees spent defending Universal's appeal for the

same reasons defendants were entitled to fees for the prior

proceedings.")), is also denied.

Accordingly, it is hereby

**ORDERED** that Universal's motion to stay (Dkt. No. 436) is **DENIED**

**AS MOOT**; and it is further

**ORDERED** that defendants' motions for attorneys' fees (Dkt.

Nos. 410, 441)[4] are **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to

the parties.

**IT IS SO ORDERED.**

May 1, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge

_____

[4] This Summary Order does not affect the court's previous award of $38,247.89 in costs to defendants.  (Dkt. No. 421 at 9.)